IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )          Criminal Action
v.                                   )          No. 07-10096-01-WEB
                                     )
KEVIN A. BRAINARD,                   )
                                     )
                    Defendant.       )
_____)

**Memorandum and Order**

This matter is before the court on the defendant's Motion for Review of Detention Order. The court held a hearing on May 29, 2007, and heard arguments from counsel concerning the motion. The court orally denied the motion at the conclusion of the hearing and ordered that the defendant be detained pending trial. This written memorandum will supplement the court's oral ruling.

I. *Background*.

On a motion for review under 18 U.S.C. § 3145, the district court conducts a de novo review of the Magistrate's order, meaning the district court conducts its own determination of the facts. *See United States v. Romo-Sanchez*, 170 F.Supp.2d 1127, 1128 (D. Kan. 2001) (the district court must ultimately decide the propriety of detention). The court has discretion in determining whether to take additional evidence or to rely on the record of the earlier hearing. *See United States v. Frietas*, 602 F.Supp. 1283, 1293 (D.Cal. 1985).

Under the Bail Reform Act, a person may be detained pending trial only if the court finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The Government bears the

burden of demonstrating these facts. *See* 18 U.S.C. § 3142(e)&(f). In determining whether this burden has been met, the court must take into account the available information concerning the factors listed in § 3142(g), including: the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence against the person; the history and characteristics of the person (including any criminal history, family ties, employment, history of drug or alcohol abuse, and ties to the community), and the nature and seriousness of the danger posed by the person's release. *Id. See also United States v. Salerno*, 481 U.S. 739 (1987).

The Bail Reform Act recognizes a rebuttable presumption of risk of flight or danger to the community upon a finding "that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)." 18 U.S.C. § 3142(e). A grand jury indictment charging such an offense is enough to trigger this presumption. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir.1991). Once the presumption is invoked, the burden of *production* shifts to the defendant, although the burden of *persuasion* always remains with the government. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain the defendant. *Stricklin*, 932 F.2d at 1354-55.

II.  *Discussion*.

After considering all of the circumstances, including defendant's arguments at the May 29 hearing, the court concludes that the defendant's request for release should be denied. Among other things, the court notes the following:

The defendant is charged by Indictment in this case with offenses that give rise to the

rebuttable presumption.  Moreover, Count Two of the indictment carries a potential mandatory minimum punishment of five years' imprisonment and a maximum possible punishment of 40 years' imprisonment.  The offenses are serious in nature, and they involve the alleged possession of several different controlled substances and a firearm.

The circumstances surrounding the execution of the warrant in this case show that allowing the defendant to live at his parents' residence would not assure the safety of other persons and the community.

The defendant's history, including an arrest in February 2007 for possession of drugs or drug paraphernalia – just two months after he was arrested on the conduct giving rise to the instant case – shows he is not likely to conform to conditions of bond.

The Pretrial Services Report indicates that the defendant has a drug problem, but he has failed to follow through on previous opportunities for treatment.  Moreover, the defendant admitted using methamphetamine on May 2, 2007, shortly before his arrest, but he told the Probation Officer he did not believe methamphetamine was a problem for him.

Considering all of the circumstances, the court finds the Government has met its burden of showing that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community.

III.  *Conclusion*.

Defendant's Motion for Review of the Magistrate's Order of Detention (Doc. 9) is DENIED. The Order of Detention previously entered in this case remains in effect.  The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences

or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 29th    Day of May, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge